UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRED CANTU,

      Plaintiff,

v.                                                        Case No. 8:21-cv-637-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.**    **Procedural Background**

Plaintiff previously filed an application for DIB, which the Social Security Administration ("SSA") denied both initially and upon reconsideration (Tr. 74).

---

[1] Dr. Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

After submitting a written request for a hearing, Plaintiff appeared and testified at an administrative hearing before an ALJ (Tr. 74). Following the hearing, the first ALJ issued an unfavorable decision, finding Plaintiff capable of performing his past relevant work as an automobile parts warehouse worker, Dictionary of Occupational Titles ("DOT")[2] § 922.687-058, which was classified as medium, unskilled work with a specific vocational preparation ("SVP") of 2 (Tr. 82-83). Given his findings, the ALJ found Plaintiff not disabled (Tr. 71-87). Plaintiff requested review by the Appeals Council, but the Appeals Council denied Plaintiff's request for review on February 7, 2019 (Tr. 88-93).

Plaintiff then protectively filed another application for a period of disability and DIB on April 3, 2019 (Tr. 210-16).[3] The SSA again denied Plaintiff's claims both initially and upon reconsideration (Tr. 94-113, 117-45). Plaintiff then requested an administrative hearing (Tr. 146-47). Per Plaintiff's request, the second ALJ (the "ALJ") held a telephonic hearing at which Plaintiff appeared and testified (Tr. 44-70). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 28-43). Subsequently, Plaintiff requested review from the Appeals Council, which the

---

[2] "The DOT is an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1357 n.2 (11th Cir. 2018).

[3] The record reflects that Plaintiff also applied for Social Security Income ("SSI") benefits (Tr. 204-09). Neither the ALJ's decision (Tr. 28-43) nor the parties' Joint Memorandum (Doc. 20) addresses Plaintiff's request for SSI benefits. Accordingly, this Order likewise only addresses Plaintiff's claim for DIB.

Appeals Council denied (Tr. 1-6, 201-03). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. § 405(g).

### B.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1961, claimed disability beginning March 21, 2019 (Tr. 210). Plaintiff completed two years of college (Tr. 50, 236). According to the vocational expert ("VE"), Plaintiff's past relevant work experience included work as a warehouse laborer/store laborer (Tr. 38, 67, 236). Plaintiff alleged disability due to borderline diabetes, loss of appetite, memory loss, constipation, anxiety, depression, left knee injury, degenerative disc problems, and lower back problems (Tr. 235).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2020 and had not engaged in substantial gainful activity since March 21, 2019, the alleged onset date (Tr. 33). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and degenerative joint of the left knee (Tr. 33). Notwithstanding the noted impairments, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 34). The ALJ then found that Plaintiff retained a residual functional capacity ("RFC") to perform medium exertional work, except that he could lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk six hours in an

eight-hour workday; sit six hours in an eight-hour workday; frequently climb ramps/stairs, stoop, and crouch; and occasionally kneel, crawl, and climb ladders ropes, or scaffolds (Tr. 34). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 35). Considering Plaintiff's noted impairments and the assessment of a VE, the ALJ determined that Plaintiff could perform his past relevant work as a store laborer, DOT § 922.687-058, classified as medium in exertional demands and unskilled with an SVP of 2, as that job is generally performed in the national economy (Tr. 38). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 38).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an "impairment that results from anatomical, physiological, or

psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as

5

adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by failing to find that Plaintiff's past relevant work was defined as a material handler or as a composite job combining aspects of a material handler and a store laborer. At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. A claimant bears the

burden of proving that his impairments prevent him from performing past relevant work. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In considering a claimant's past relevant work, "[t]he regulations require that the claimant not be able to perform his past *kind* of work, not that he merely be unable to perform a specific job he held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) (emphasis in original) (citing 20 C.F.R. §§ 404.1520(e), 416.920(e)). Accordingly, a claimant needs to demonstrate that he cannot return to his former *type* of work rather than to a specific prior job. *Jackson*, 801 F.2d at 1293 (emphasis in original and citations omitted).

To assist in determining a claimant's past relevant work and the ability to perform such work, an ALJ may elicit testimony from a VE. A VE "is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The ALJ may therefore rely upon a VE's knowledge or expertise as to whether a claimant can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2); *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012).[4] For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227.

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Here, during the previous administrative hearing, the prior VE classified Plaintiff's past relevant work as an automobile parts warehouse worker, DOT § 922.687-058, with an SVP of 2 and a medium exertional level (Tr. 82-83). According to the prior VE, Plaintiff actually performed the past relevant work at the medium exertional level (Tr. 83). Based on the prior VE's testimony, the prior ALJ concluded that Plaintiff maintained the ability to perform his past relevant work as the automobile parts warehouse worker, both as it was actually and generally performed, and thus found Plaintiff not disabled from March 10, 2015, through the date of the decision on March 20, 2018 (Tr. 83).

Following the denial of review by the Appeals Council on Plaintiff's prior claim (Tr. 88-93), Plaintiff submitted his second application seeking a period of disability and DIB benefits (Tr. 210-16). In a Disability Report dated April 3, 2019, the same day as his second application for DIB benefits, Plaintiff identified his past work experience as that of a "selector" for an auto parts business, performing work eight hours per day, five days per week for 17 years (Tr. 236). Describing the job duties associated with the selector position, Plaintiff stated that he did not use machines, tools, or equipment; did not use technical knowledge or skills; did not perform any writing, completing reports, or any similar duties; walked, stood, kneeled, and crouched for four hours total during the workday; climbed for three hours total during the workday; stooped, reached, and handled large objects for eight hours total during the workday; wrote, typed, or handled small objects for one hour total during the workday; and did not crawl or sit at all during the workday

nor supervised other people (Tr. 237). He elaborated that, throughout the day, he had to lift auto parts and heavy boxes containing parts and carry some of those parts down the stairs to the auto shelves (Tr. 237). Regarding the lifting requirements, Plaintiff indicated that 50 pounds constituted the heaviest weight lifted, and the job frequently required lifting 25 pounds (Tr. 237).

Approximately a month after that, on May 9, 2019, Plaintiff filled out a Work History Report with his representative (Tr. 263-65). At that time, Plaintiff listed his job title as "material handler" in a warehouse involving auto parts (Tr. 263-64). Plaintiff described the job as stocking the shelves in the warehouse, unloading the trucks, cleaning the trucks, and lifting the warehouse products, such as auto parts, engine blocks, and tools (Tr. 264). Plaintiff stated that the heaviest weight he lifted was 100 pounds or more and that he frequently lifted 50 pounds or more (Tr. 264). According to Plaintiff, he walked and stood for four hours per day; climbed, stooped, knelt, crouched, crawled, and handled, grabbed, or grasped big objects for eight hours per day; and did not sit or write, type, or handle small objects (Tr. 264). Plaintiff again indicated that the job did not use machines, tools, or equipment; did not use technical knowledge or skills; did not require writing, completing reports, or similar duties; and did not involve supervising other employees (Tr. 264). The next Disability Report Plaintiff filled out a few weeks later indicated that none of his work history had changed since he last described his work for the SSA (Tr. 272).

Later, on March 26, 2020, Plaintiff reported to Therapeutic Rehab Specialists for a Functional Capacity Assessment to assess his current level of physical

capacities to assist in determining his ability to return to the same job with the same employer (Tr. 658-71).  At the time of the assessment, Plaintiff's past work was identified as a material handler for Advance Auto Parts (Tr. 658).  After a thorough examination of Plaintiff, the physical therapist and clinic director opined that, given the findings of the initial Functional Capacity Assessment, Plaintiff did "not meet 81% of the job demands of his former position of employment as material handler for Advance Auto Parts" (Tr. 671).  Given Plaintiff's poor tolerance for sitting, standing, and with any activity requiring proper lifting, the physical therapist and clinic director opined that Plaintiff was functioning at below a sedentary level, thus not meeting the job demands of any form of employment at that time (Tr. 671).

Subsequently, during the most recent administrative hearing, Plaintiff's attorney presented an opening statement, arguing that Plaintiff was unable to perform his past relevant work as a material handler, which he classified as "medium to heavy in nature" (Tr. 50).  Plaintiff then testified that the title of his last job was a "material handler," which he performed for 17 years until he injured himself on company time (Tr. 51).  Plaintiff described the material handler position as involving picking up 50 pounds on a continuous basis; operating a forklift and pallet jack and grease truck; loading or unloading trucks; stocking shelves; receiving and shipping out products; and "whatever they asked" (Tr. 51-52).

The VE also provided testimony during the administrative hearing regarding Plaintiff's past relevant work and Plaintiff's ability to perform such past relevant work, with Plaintiff's counsel stipulating to the VE's qualifications (Tr. 66-69).

Initially, the VE indicated that he reviewed the exhibits made available prior to the hearing in determining Plaintiff's past relevant work and did not require further testimony from Plaintiff regarding the past relevant work (Tr. 67). The VE concluded that the duties Plaintiff described were consistent with that of a warehouse laborer or stores laborer, DOT § 922.687-058, with an SVP of two and a medium exertional level (Tr. 67). Notably, though assigning different titles to the position, both the most recent VE and the prior VE classified the past relevant work using the same DOT Number (Tr. 67, 82-83). According to the more recent VE, no other past relevant work existed (Tr. 67). The ALJ then posed a hypothetical to the VE incorporating the RFC limitations and asked whether such an individual could perform Plaintiff's past relevant work, to which the VE responded:

> A person with those limitations, your honor, would be able to perform the work of a Stores Laborer, as generally performed in the National Economy. I believe the file established this work as performed, may have been perform[ed] at the heavy exertional level[,] but as generally described in the National Economy, a person would be able to perform those duties.

(Tr. 67-68). In reliance on the VE's testimony, the ALJ concluded that Plaintiff maintained the ability to perform past relevant work as a warehouse labor or store laborer and thus found Plaintiff not disabled (Tr. 38).

As noted, Plaintiff now contends that the ALJ's finding was improper as Plaintiff's past relevant work should have been classified as a material handler or, at the very least, as a composite job combining aspects of a material handler and a store laborer. "A composite job is one that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Smith v. Comm'r of*

*Soc.Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting Social Security Ruling ("SSR") 82-61, 1982 WL 31387, at *2 (1982)) (alteration in original). The SSA's Program Operations Manual System ("POMS")[5] discusses an ALJ's consideration of past relevant work, referenced as PRW, in determining whether such work constitutes a composite job, as follows:

> Composite jobs have significant elements of two or more occupations and as such, have no counterpart in the DOT.
>
> - The claimant's PRW may be a composite job if it takes multiple DOT occupations to locate the main duties of the PRW as described by the claimant.
>
> - If you determine that PRW was a composite job, you must explain why.
>
> - When comparing the claimant's RFC to a composite job as the claimant performed it, find the claimant capable of performing the composite job only if he or she can perform all parts of the job.
>
> - A composite job does not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy."
>
> - At step 5 of sequential evaluation, a claimant may be able to use skills he or she gained from a skilled or semiskilled composite job to adjust to other work.

POMS DI 25005.020(B). Accordingly, "[w]hen the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform his previous work as actually performed." *Smith*, 743 F. App'x at 954 (citations omitted); SSR 82-61, 1982 WL 31387, at *2. SSR 82-61 makes plain, however, that "some individual

---

[5] *See* secure.ssa.gov/apps10/ (last visited August 15, 2022).

jobs may require somewhat more or less exertion than the DOT description" and that a claimant's former job "may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy." 1982 WL 31387, at *2. Notably, "if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be 'not disabled.'" *Id.*

To establish that his position qualified as a composite job, therefore, Plaintiff had to show that the frequent lifting of 50 to 100 pounds, the loading and unloading of trucks, and/or the shipping of products constituted some of the "main duties" of his position. *See, generally, Smith*, 743 F. App'x at 954 ("To establish that his position was a composite job, Smith had to prove that hanging rent notices was one of the 'main duties' of his position with the property management company."); *see also* SSR 82-61, 1982 WL 31387, at *2. Here, Plaintiff presented repeated statements regarding the performance of job duties that appear to go beyond the scope of job duties of the warehouse laborer/store laborer position. For example, through his written submissions to the SSA with his most recent application and his testimony during the second administrative hearing, Plaintiff indicated that his job involved frequent heavy lifting during loading and unloading of trucks. Further, in assessing whether Plaintiff could perform the same job for the same employer, Therapeutic Rehab Specialists considered Plaintiff's past work requirements for that of a

materials handler for Advance Auto Parts and concluded that he could not perform the work requirements of that job. The question of whether Plaintiff's past relevant work included work as a materials handler or whether it constituted a composite job or whether Plaintiff's performance of his job duties for his particular employer simply exceeded the job requirements of a warehouse labor/store laborer as generally performed has not been sufficiently answered on this record, such that substantial evidence does not support the ALJ's decision.

Given the foregoing, remand is appropriate for the ALJ to obtain VE testimony to determine whether Plaintiff's past relevant work should have been classified as a materials handler or whether it constituted a composite job, including aspects of the material handler position, DOT § 929.687-030, and the warehouse labor/stores laborer position, DOT § 922.687-058, and, if not, to provide the basis for such opinion. Indeed, as the Commissioner explains, the VE is an expert who is familiar with reliable forms of vocational data so is in the best position to determine whether, given Plaintiff's representations regarding his job requirements and duties, Plaintiff's job constitutes a composite job (*see* Doc. 20, at 16 ("If identifying past work and determining what is required to perform a job was so simple that any layman could identify what jobs a claimant can or cannot do, the [SSA] could no longer need to utilize VEs and pay for their expertise. However, determinations on what jobs a claimant can perform – based on the claimant's age, education, prior work history, and physical and mental limitations – may need the expertise of a VE who is familiar with reliable forms of vocational data."). For the

foregoing reasons, the ALJ's decision is not supported by substantial evidence, and remand is warranted.[6]

### IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 15th day of August, 2022.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

---

[6] After concluding that Plaintiff could perform his past relevant work at step four, the ALJ did not continue to step five of the sequential analysis, as a finding that a claimant can still perform past relevant work dictates a finding of "not disabled." 20 C.F.R. § 404.1520(a)(4)(iv). Though not required, had the ALJ identified other jobs Plaintiff could perform, which is a step-five inquiry, the issue of whether Plaintiff could perform his past relevant work may have been rendered moot.

15